## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FINNAVATIONS LLC,

        Plaintiff,

vs.

VIEWPOST IP HOLDINGS, LLC,

        Defendant.

Case No. 6:18-CV-0449-ORL-22-TBS

PATENT CASE

### DEFENDANT VIEWPOST IP HOLDINGS, LLC'S
### ANSWER TO PLAINTIFF FINNAVATION LLC'S COMPLAINT

Defendant, Viewpost IP Holdings, LLC ("Defendant" or "Viewpost"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 8, hereby answers the Complaint filed by Plaintiff, Finnavations LLC ("Plaintiff" or "Finnavations"), as follows:

### PARTIES AND JURISDICTION

1.    This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

**RESPONSE:** Viewpost admits that the Complaint purports to state an action under Title 35 of the United States Code, seeking injunctive relief as well as damages. Viewpost denies that Plaintiff is entitled to any relief.

2.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

**RESPONSE:** Viewpost admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Plaintiff is a Texas limited liability company with an office located at 3415 Custer Rd., Suite 120-B, Plano, Texas 75023.

**RESPONSE:**  Viewpost lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and therefore denies the same.

4.      Upon information and belief, Defendant is a Florida limited liability company with its principal place of business in the United States at 2600 Lucien Way, Suite 100, Maitland, FL 32751.

**RESPONSE:**  Viewpost admits that it is a Florida limited liability company with its principal place of business at 2600 Lucien Way, Suite 100, Maitland, FL 32751.

5.      This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

**RESPONSE:**  Viewpost denies all allegations in paragraph 5 of the Complaint.

6.      Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

**RESPONSE:**  Viewpost denies all allegations set forth in paragraph 6 of the Complaint.

## VENUE

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, venue is proper in this District because acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.  For example, Defendant has a regular and established place of business at 2600 Lucien Way, Suite 100, Maitland, FL 32751.

**RESPONSE:**  Viewpost admits that it has a place of business at 2600 Lucien Way, Suite 100, Maitland, FL 32751.  Viewpost denies the remaining allegations in paragraph 7 of the Complaint.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 9,569,755)**

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

**RESPONSE:**  Viewpost reaffirms and incorporates by reference its responses to paragraphs 1 through 7 of the Complaint.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

**RESPONSE:**  Viewpost admits that the Complaint purports to state an action under the patent laws of the United States.  Viewpost denies that Plaintiff has stated a claim upon which relief can be granted.

10.      Plaintiff is the owner by assignment of the '755 Patent with sole rights to enforce the '755 Patent and sue infringers.

**RESPONSE:**  Viewpost lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11.      A copy of the '755 Patent, titled "Financial Management System," is attached hereto as Exhibit A.

**RESPONSE:**  Viewpost admits that a copy of the '755 patent, titled "Financial Management System" is attached to the Complaint as Exhibit A.

12.      The '755 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '755 Patent was issued on February 14, 2017 after all claims of the '755 Patent overcame Examiner's claim rejections under 35 USC § 101 raised in the Examiner's June 14, 2016 non-final rejection.

**RESPONSE:**  Viewpost admits that the '755 Patent was issued on February 14, 2017 after previously been rejected by the U.S. Patent & Trademark Office.  Viewpost denies the remaining allegations in paragraph 12 of the Complaint.

13.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 9 and 17 of the '755 Patent by making, using, importing, selling, and/or offering for sale a financial management system, including the Viewpoint invoicing platform, the Viewpoint Invoice mobile and/or web applications, and any similar products and/or services ("Product"), covered by at least Claims 9 and 17 of the '755 Patent. Defendant has infringed and continues to infringe the '755 Patent in violation of 35 U.S.C. §271.

**RESPONSE:**  Viewpost denies all  allegations in paragraph 13 of the Complaint.

14.     Regarding Claim 9, Defendant sells, offers to sell, and/or uses the Product, which provides for delivery of transaction data (e.g., data regarding paid invoices is transferred to the Viewpost platform) to a financial management program (e.g., the Viewpoint platform as it exists on a cloud server).   Certain aspects of this element and other elements referred to below are illustrated in the following screenshots.

**RESPONSE:**  Viewpost admits that the Complaint includes certain screenshots following Paragraph 14.   Viewpost denies the remaining allegations in paragraph 14 of the Complaint.

15.     The Product uses a network device (e.g., a laptop, computer, or smartphone) to conduct an online financial transaction (e.g., a user can use the Viewpost mobile application or web application to send invoices to customers and receive payment) with a commercial web server (e.g., the credit card processing server utilized to process a customer invoice payment).

Certain aspects of these elements are illustrated in the following screenshots and/or in screen shots provided in connection with other allegations herein.

**RESPONSE:**   Viewpost admits that the Complaint includes certain screenshots following paragraph 15.   Viewpost denies the remaining allegations in paragraph 15 of the Complaint.

16.     The Product utilizes a financial assistant (e.g. the Viewpost mobile application or web application) on a network device (e.g., a laptop or smartphone) to search a set of transmitted data related to online financial transactions (e.g., the Viewpost application must analyze the data transmitted during an invoice payment in order to determine and display the current status of said invoice on a user dashboard). Certain aspects of these elements are illustrated in the following screenshots and/or in screenshots provided in connection with other allegations herein.

**RESPONSE:**   Viewpost admits that the Complaint includes certain screenshots following paragraph 16.  Viewpost the remaining allegations in paragraph 16 of the Complaint.

17.     The financial assistant on the network device determines whether the searched data comprises transaction data for the online financial transaction (e.g., the Viewpost application must determine if a particular invoice payment data is related to a particular invoice so that it can correlate a particular payment to particular invoice and display the status of said invoice accurately). Certain aspects of these elements are illustrated in the following screenshots and/or in screenshots provided in connection with other allegations herein).

**RESPONSE:**   Viewpost admits that the Complaint includes certain screenshots following paragraph 17.   Viewpost denies the remaining allegations in paragraph 17 of the Complaint.

18.    When searched data (e.g., transaction data related to invoice payments) comprises transaction data in a first data structure (e.g., the data structure utilized to consummate a credit card payment on a processing server) compatible with conducting the online financial transaction (e.g., the online payment of an invoice), the financial assistant (e.g., the Viewpost application operating on a computer, laptop, or smartphone) copies the transaction data (e.g., basic information included in the credit card payment of an invoice such as the payment amount) and additional transaction data not included in the transmitted transaction data (e.g., the Viewpost application will combine basic information such as the payment amount with other information relating to the invoice such as the client name, and status of the invoice) into a second data structure compatible with the financial management program (e.g., the data structure utilized by the Viewpost platform to store complied invoice data on a server and display said compiled invoice data on a mobile or web application).

**RESPONSE:**  Viewpost denies the allegations in paragraph 18 of the Complaint.

19.    Regarding Claim 17, Defendant utilizes a network device that is at least one of a terminal device (e.g., smartphone, laptop or computer) and a computer server (e.g., server hosting Viewpost invoicing platform). Aspects of these elements are shown above in connection the paragraphs discussing Claim 9 and further in the following screenshots.

**RESPONSE:**  Viewpost admits that the Complaint includes certain screenshots following paragraph 19.  Viewpost denies the remaining allegations in paragraph 19 of the Complaint.

20.    Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

**RESPONSE:**  Viewpost denies that it performs any of the actions complained of and that Plaintiff is entitled to injunctive relief.

6

21.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

**RESPONSE:** Viewpost denies all allegations in paragraph 21 of the Complaint.

22.    Plaintiff is in compliance with 35 U.S.C. § 287.

**RESPONSE:** Viewpost lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and therefore denies the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b)    Enter an Order Enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,569,755 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

d)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

e)    Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

**RESPONSE:** Viewpost denies that Plaintiffs are entitled to the judgment and relief prayed for in the Wherefore Clause of the Complaint.

## AFFIRMATIVE DEFENSES

Viewpost alleges and asserts the following affirmative defenses in response to the allegations in the Complaint.

### First Affirmative Defense

Viewpost does not engage in any activity that has or will infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), any valid and enforceable claim of the '755 patent.

### Second Affirmative Defense

The claims of the '755 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or for double patenting.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

By virtue of statements made, amendments made, or positions taken during the prosecution of the application for the '755 patent and/or any related patents or patent applications, Plaintiff is estopped from construing any claim of the '755 patent to cover or include, either literally or under the doctrine of equivalents, the activities identified in the Complaint.

### Fifth Affirmative Defense

Viewpost reserves all affirmative defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant asks the Court to:

a)     Enter a judgment dismissing the Complaint with prejudice;

b)     Enter a judgment providing that Plaintiff will not be awarded any of the relief requested in its Complaint;

c)     Enter a judgment declaring that Viewpost has not infringed, contributed to the infringement of, or induced the infringement of, and is not infringing, contributing to the infringement of, or inducing the infringement of any valid and enforceable claim of the '755 patent;

d)     Enter a judgment declaring each asserted claim of the '755 patents invalid;

e)     Enter a judgment deeming this to be an exceptional case under 37 U.S.C. § 285 and awarding Viewpost its reasonable attorneys' fees, expenses, and costs; and

f)     Enter an award any such further relief as the Court may deem just and proper.

Dated: May 10, 2018                          Respectfully submitted,

**Katlin C. Cravatta**
Florida Bar No. 113258
**Foley & Lardner LLP**
111 North Orange Avenue, Suite 1800
Orlando, Florida 32801-2386
Phone: 407.423.7656
Facsimile: 407.648.1743
Primary:  kcravatta@foley.com
Secondary:  bshelley@foley.com

*Counsel for Defendant,*
*Viewpost IP Holdings, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy the of the foregoing has been sent via the Court's Electronic Filing System on May 10, 2018, to Plaintiff's counsel: Coleman W. Watson, Esq., Leia V. Leitner, Esq., Ronika J. Carter, Esq. (coleman@watsonllp.com, leia@watsonllp.com, ronika@watsonllp.com, and docketing@watsonllp.com) Watson LLP, 189 S. Orange Avenue, Suite 810, Orlando, Florida 32801.

**Katlin C. Cravatta**
Florida Bar No. 113258
**Foley & Lardner LLP**
111 North Orange Avenue, Suite 1800
Orlando, Florida 32801-2386
Phone: 407.423.7656
Facsimile: 407.648.1743
Primary:  kcravatta@foley.com
Secondary:  bshelley@foley.com

*Counsel for Defendant,*
*Viewpost IP Holdings, LLC*